# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

BILLY MONROE HICKS,            )
                               )
                Plaintiff,     )
                               )
        v.                     )       No. CIV-05-017-S
                               )
RON WARD, et. al.,             )
                               )
                Defendants.    )

## ORDER

Before the court for its consideration is the Defendants' Ward, Mullin, Martin, Dove, Mason, Baugh and Brakensiek's Motion to Dismiss/Motion for Summary Judgment and Brief in Support filed September 1, 2005.[1] The court will treat the motion as one for summary judgment since it must consider matters outside of the pleadings. This matter is also before the court on its own motion to consider dismissal of the case as frivolous under 28 U.S.C. Sec. 1915.

Plaintiff filed his complaint in the United States District Court for the Eastern District of Oklahoma on January 10, 2005. Along with his complaint plaintiff filed a Motion to Proceed *In Forma Pauperis* on this same date. On January 26, 2005, an order was entered granting plaintiff's request to proceed *in forma pauperis*. On March 24, 2005, a Motion to Stay Proceedings and

---

[1] In his Complaint, plaintiff has also named Karen Dalke and Dale Van Blaircom as defendants. However, the record reflects that plaintiff failed to serve them in the time allotted by the Federal Rules of Civil Procedure. Accordingly, they are dismissed from this action for plaintiff's failure to timely serve.

1

Request for Order Requesting Special Report was filed.  On June 20, 2005, an order was entered staying the proceedings and ordering a special report.  On September 1, 2005, a special report was filed with this court.  On September 1, 2005, defendants filed a motion to dismiss/motion for summary judgment. In this motion, defendants argue all of plaintiff's claims must be dismissed pursuant to 42 U.S.C. Sec. 1997e for failure to exhaust administrative remedies. Defendants also argue they were not deliberately indifferent to plaintiff's serious medical needs in violation of the Eighth Amendment.  Further, defendants argue they have not violated plaintiff's rights to access the courts and plaintiff failed to state a cause of action related to exercise, showers, and hygiene supplies.  Defendants also argue they are protected by qualified immunity, that they are immune from suit for damages in their official capacity under the Eleventh Amendment and plaintiff has failed to show that he is entitled to the declaratory or injunctive relief he seeks. Plaintiff responded to the motion arguing plaintiff's lawsuit should not be dismissed pursuant to 42 U.S.C. Sec. 1997 (e).  He also argues defendants did act with deliberate indifference to plaintiff's serious medical needs in violation of the Eighth Amendment.  Further, he argues he was denied physical access to the courts and that he has stated a cause of action related to exercise, showers, and hygiene supplies.  He also argues defendants are not eligible for qualified immunity and that defendants are not being sued in their official capacity herein. Finally, plaintiff argues that plaintiff is entitled to a declaratory judgement and injunctive relief.  The court has before it for consideration plaintiff's complaint, the defendants' motion to dismiss/motion for summary judgment, plaintiff's response and a special report prepared by the Oklahoma Department of Corrections ("DOC") at the direction of

the court, in accordance with Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978).

    Plaintiff, appearing pro se, is an inmate in the custody of the Oklahoma Department of Corrections ("DOC"). Plaintiff is presently incarcerated at the Oklahoma State Penitentiary ("OSP") in McAlester, Oklahoma. Plaintiff brings this action pursuant to 42 U.S.C. Sec. 1983 for alleged constitutional violations occurring during his stay at OSP. In Count I, plaintiff alleges state tort claims of negligence. In Count II, plaintiff alleges a denial of access to exercise, showers, cleaning supplies, and indigent hygiene supplies for thirty days while housed in the medical unit. In Count III, plaintiff alleges a denial of adequate mental health treatment. In Count IV, plaintiff alleges denial of an adequate law library. Plaintiff seeks a declaratory judgment because defendants violated his constitutional rights. He also seeks an emergency injunction granting him physical access to the law library and his medication in pill form. The plaintiff lists the defendants as Ron Ward, director of OSP, Mike Mullin, warden of OSP, Gerald Martin, physician, Connie Dove, nurse, Karen Dalke, nurse, Chester Mason, administrator for medical services, Cindy Baugh, psychiatrist, Dale Van Blaircom, acting unit director, and Mr. Brakensiek, law library supervisor. Plaintiff further requests compensatory damages in the amount of $12, 500.00 from defendants Ward, Mullin, and Mason for violating his dues process rights in his disciplinary hearing; $22,000.00 from Mullin for denial of adequate law library services; $100,000.00 from Martin and Dove for injuries related to failure to provide medical care; and $25,000.00 from Baugh and Mason for their failure to provide adequate mental health care.

The special report filed investigated plaintiff's allegations and determined that plaintiff failed to exhaust his administrative remedies and that no action should be taken at this time.

**STANDARDS OF SUMMARY JUDGMENT**

Summary Judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 ©; See also <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986). The moving party has the burden of demonstrating the absence of a genuine issue of fact. <u>Celotex v. Catrett</u>, 477 U.S. 317, 325 (1986). If this initial burden is satisfied, the nonmoving party then has the burden of coming forward with specific facts showing there is a genuine issue for trial as to elements essential to the nonmoving party's case. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586-87 (1986); <u>Bacchus Indus., Inc. v. Arvin Indus., Inc.</u>, 939 F.2d 887, 891 (10th Cir. 1991). The nonmoving party cannot rest on the mere allegations of the pleadings, but must go beyond the pleadings and "set forth specific facts showing there was a genuine issue for trial as to those dispositive matters for which [it} carries the burden of proof." <u>Applied Genetics v. First Affiliated Securities</u>, 912 F.2d 1238, 1241 (10th Cir. 1990).

"A fact is 'material' only if it 'might affect the outcome of the suit under the governing law,' and a dispute about a material fact is 'genuine' only 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"

4

Thomas v. IBM, 48 F.3d 478, 486 (10th Cir. 1995) (quoting Anderson, 477 U.S. at 248). In this regard, the court examines the factual record and reasonable inferences therefrom in the light most favorable to the nonmoving party. Deepwater Invs. Ltd. v. Jackson Hole Ski Corp, 938 F.2d 1105, 1110 (10th Cir. 1991). This court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249. With these standards in mind, the court turns to the merits of the defendants' motion.

**FINDINGS OF FACT**

Plaintiff an inmate housed at OSP was seen by the medical staff on June 29, 2004, for a lipoma. At this time, plaintiff requested removal of the lipoma and an order was written for the procedure to be done in the facility's emergency room. On November 24, 2004, Dr. Martin performed the excision of plaintiff's lipoma. A biopsy was never ordered, as the diagnosis was clinically straightforward and a diagnostic biopsy would have been unnecessary.

Following the lipoma excision, plaintiff remained in the infirmary for post operative care for five (5) days until November 29, 2004. During that time, in accordance with doctor's orders, nurses checked plaintiff's wound daily and dressed the excision with Neosporin and bandages. On November 24, 2004, Dr. Martin ordered plaintiff to receive 800 mg Motrin three times daily and Loritab 10 one every 4-6 hours if needed for severe pain not relieved by Motrin no more than three daily for 48 hours.

5

On December 3, 2004, plaintiff was admitted back to the infirmary with a diagnosis of a wound infection.  Plaintiff's wound was cleaned, irrigated and packed.  Dr. Martin ordered wound care to be done daily and prescribed antibiotics and analgesics.  From December 3, 2004, until December 15, 2004, plaintiff remained in the OSP infirmary receiving care for his wound.  Plaintiff received daily dressing changes and appropriate pain medication.  On December 15, 2004, defendants moved plaintiff to Lindsey Memorial Hospital for a surgical consultation.  While at the hospital plaintiff received further wound care to aid in healing.  Plaintiff was discharged from the hospital on December 23, 2004, and returned to his unit back at OSP.  Plaintiff was instructed several times regarding the importance of leaving the dressing on until the nursing staff could do the daily dressing change.  Plaintiff's wound closed on January 5, 2005.

On December 3, 2004, plaintiff filed a Request to Staff to Chester Mason requesting medication stronger than Ibuprofen or Tylenol and demanding proper care for his wound.  Plaintiff was admitted to the OSP infirmary on this same day.  On December 7, 2004, plaintiff filed a grievance no. 2004-36, claiming he was denied adequate medical care and requesting medication other than Tylenol or Ibuprofen.  On December 6, 2004, Dr. Martin had prescribed plaintiff Loritab 5 mg, one-two four times daily for 48 hours then one every 4-6 hours as needed for pain, no more than 4 in 24 hours for ten days.  On December 10, 2004, Chester Mason, Health Services Administrator, filed a response to plaintiff's grievance.  In the response Mason points out that plaintiff saw Dr. Martin on December 6, 2004, and all issues were addressed at that time.  Mason pointed out that prescriptive authority is entirely at the discretion of the physician.

6

Plaintiff appealed grievance no. 2004-36 to Dennis Cotner, Department of Corrections Medical Service Administrator.

Plaintiff had been taking medications for a mental illness, but started to refuse the medication because it came in a liquid instead of a pill form. On December 6, 2004, plaintiff filed a Request to Staff to Warden Mullin asking to get his medication for schizophrenia started again. On December 7, 2004, plaintiff filed grievance no. 2004-35 claiming he should be allowed 10 mg of Haldol and 15 mg of Artane in pill form. Chester Mason, Health Services Administrator, responded to plaintiff's grievance on December 10, 2004, informing plaintiff his concerns had already been reviewed. Plaintiff appealed grievance no. 2004-35 to Dennis Cotner, DOC Medical Services Administrator.

Plaintiff received a misconduct conviction. On November 15, 2004, plaintiff filed a Request to Staff to Warden Mullin requesting access to the law library to appeal his misconduct conviction. On November 17, 2004, plaintiff filed grievance no. 04-317 requesting physical use of the law library. Warden Mullin responded on November 29, 2004, denying relief. Plaintiff appealed grievance no. 04-317 to DOC Administrative Review Authority.

On March 17, 2004, plaintiff filed a Request to Staff demanding exercise and showers everyday for inmates on the protective custody unit. Plaintiff filed grievance no. 04-116 on March 29, 2004, demanding that the protective custody unit inmates receive exercise and showers every day. The facility's response informed plaintiff that all inmates at OSP have the same access to exercise and showers.

I.  Exhaustion of Administrative Remedies

The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal Law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. Sec. 1997e(a).

In <u>Jernigan v. Stuchell</u>, 304 F.3d 1030, 1032 (10th Cir. 2002) the Tenth Circuit Court of Appeals stated:

> An inmate who begins the grievance process but does not complete it is barred from pursuing a 42 U.S.C. Sec. 1983 claim under the Prison Litigation Reform Act for failure to exhaust his administrative remedies. <u>Wright v. Hollingsworth</u>, 260 F.3d 357, 358 (5th Cir. 2001). In <u>Wright</u>, an inmate alleged that he had substantially complied with the administrative procedures but did not see the process to its conclusion. The court noted that the PLRA does not 'enable judges, by creative interpretation of the exhaustion doctrine, to prescribe or oversee prison grievance systems.' <u>Wright</u> at 358.

The express language of 42 U.S.C. Sec. 1997e(a) mandates exhaustion in all suits "brought with respect to prison conditions". In the face of such a clear directive, the court cannot weigh the fairness of the exhaustion requirement or entertain exemptions from its reach. <u>Porter v. Nussle</u>, 534 U.S. 516 (2002)(holding exhaustion required for all prisoner suits, regardless of whether they involve general circumstances of incarceration or particular episodes, and whether they allege Eighth Amendment violation based on use of excessive force or some other wrong.)

Plaintiff filed a Request to Staff regarding his access to exercise and showers while in protective custody. However, the claim he makes in his Complaint relates to access to exercise, showers, cleaning supplies, and indigent hygiene items for thirty days while in the medical unit. In his Complaint, plaintiff states that after his lipoma excision in November "plaintiff was placed in a medical cell and not provided the basic complained of property: no toothpaste, soap, shampoo, razors, deodorant, lotion..." He also alleges the entire time he was in the medical unit that he was denied exercise out of the cell. The grievance he filed related to rights and privileges denied him while in protective custody. His Complaint argues he was denied these items while in the medical unit. Plaintiff did not file a grievance regarding his denial of these items while in medical custody.

Plaintiff argues that it does not matter if the grievance says medical or protective custody because the denial is the same and either way he was in protective custody. Further, he argues that he should be allowed to amended his Complaint to allege the proper denial and condition. However, the court believes there is a difference between the rights and privilege which would be allowed in protective custody versus medical custody. The latter would necessarily entail restrictions related to the plaintiff's medical condition which may not be applicable in protective custody. Thus, in order for plaintiff to accomplish exhaustion it would be important for him to file a grievance regarding his conditions while in medical custody. Since he failed to do this, plaintiff failed to exhaust his remedies as to this claim. Further, plaintiff requests to amend his complaint in a responsive pleading. However, that is not the proper form for a request to amend a pleading. According to Local Rule for the

Eastern District of Oklahoma 7.1 such a request needs to be submitted to the court as a separate motion.  Therefore, the court finds the plaintiff has failed to exhaust his administrative remedies to the allegations in his complaint. According to <u>Ross v. County of Bernalillo</u>, 365 F.3d 1181, 1189 (10th Cir. 2004), the plaintiff is required to accomplish total exhaustion of all claims raised in a complaint.  Based on the decision in <u>Ross</u> the presence of any unexhausted claim in a plaintiff's complaint requires the court to dismiss the entire action in its entirety.  Since plaintiff's complaint contains an unexhausted claim, the court must dismiss the entire action. Accordingly, the defendants' motion for summary judgment is hereby granted for plaintiff's failure to exhaust his administrative remedies.

This court authorized the commencement of this action *in forma pauperis* under the authority of 28 U.S.C. Sec. 1915. Subsection (e) of that statute permits the dismissal of a case when the court is satisfied that the complaint is without merit in that it lacks an arguable basis either in law or fact. <u>Nietzke v. Williams</u>, 490 U.S. 319 (1989) and <u>Yellen v. Cooper</u>, 828 F.2d 1471, 1475 (10th Cir. 1987).  Accordingly, defendants' motion to dismiss converted to a motion for summary judgment is hereby **GRANTED** and this action is, in all respects, **DISMISSED**, as frivolous.

**IT IS SO ORDERED** this 27th day of March, 2006.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma